### TAGGERT v. BRIMFIELD.

(Circuit Court of Appeals, Third Circuit. June 1, 1922.)

No. 2856.

Sales ⊙—71(5)—Contract for minimum and maximum quantities held binding on both parties.

A contract wherein plaintiff agreed to buy and defendant to sell gravel of specific type in the amount of the minimum of 10,000 tons and a maximum of 25,000 tons within an agreed time and at an agreed price per ton will be construed to give every provision of it effect, and the obligations of defendant to sell up to the maximum and of plaintiff to buy up to the minimum stand on a place of reciprocal equality.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action by Merrill R. Taggert against William Brimfield. From a judgment for defendant, plaintiff brings error. Reversed and remanded.

Henry F. Stockwell and Bleakly & Stockwell, all of Camden, N. J., for plaintiff in error.

Harvey F. Carr and Carr & Carroll, all of Camden, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. The question in this case is the construction of the agreement printed in the margin.[1] In pursuance

---

[1] "This agreement, made on this 8th day of August, A. D. 1919, between William W. Brimfield, of Blue Anchor, New Jersey, and Merrill R. Taggert, of the city of Philadelphia, and state of Pennsylvania, witnesseth: That

of such contract, Brimfield, the defendant, furnished 10,000 tons of gravel, and, when requested by Taggert to furnish more, declined, alleging 10,000 tons was all he was required to furnish. Thereupon Taggert brought suit, but the court below agreed with Brimfield's contention, and gave the jury binding instructions to find against Taggert. Thereupon the latter sued out this writ.

We are of opinion the court erred in its construction of the contract. The purpose of this contract was selling by Brimfield and buying by Taggert, viz.: "William W. Brimfield agrees to sell and William R. Taggert agrees to buy." The subject of sale was gravel, viz.: "Gravel of the type known as 'Cedar Lake' for foundry purposes." The amount was from 10,000 to 25,000 tons, viz.: "In the amount of the minimum of 10,000 tons and a maximum of 25,000 tons." The price was $1 a ton and time of performance one year from date.

Contracts of this general type are common, where a manufacturer has to provide in advance for a supply of some needed material, the exact amount of which he cannot then specify. In this uncertainty, he names a minimum, which on his part he positively agrees to take, and he names a maximum up to, but not beyond, which the seller is bound to furnish. In this way, both parties are protected. The seller has insured an absolute sale of a definite, minimum amount, which the buyer is bound to take, no matter whether he needs it or not. So, also, in consideration of such present minimum sale, which the seller then makes, he agrees on his part to furnish a further quantity up to the maximum, if the buyer requires it. So, in construing the present contract, every provision of it is given effect, and the obligation of Brimfield to sell up to the maximum and of Taggert to buy up to the minimum stand on a plane of reciprocal equality.

Holding, as we do, the court below erred in its construction of the contract, its judgment is reversed, and the case remanded for further procedure in accordance with this opinion.

---

William W. Brimfield agrees to sell and Merrill R. Taggert agrees to buy gravel of the type known as 'Cedar Lake' for foundry purposes, in the amount of the minimum of 10,000 tons and a maximum of 25,000 tons, commencing this day and to be in force for one year from date. The price of this gravel to Merrill R. Taggert shall be one dollar ($1.00) per net ton, on board cars at Cedar Lake, New Jersey. The price on special contracts of large amount shall be reached by mutual agreement."

